UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                PLAINTIFF

V.                          NO. 04-20006-001

SCOTT JAMES EIZEMBER                                    DEFENDANT

**ORDER**

Now on this 1st day of December 2005, there comes on for consideration, Defendant's Motion in Limine to Exclude Testimony and Redact Statements (Doc. 30) and the Government's Response (Doc. 31).

Defendant seeks to exclude or redact certain testimony or statements made by Defendant or others that make reference to events connected to the Oklahoma convictions for which Defendant is currently incarcerated. Defendant contends that such testimony or statements should be excluded pursuant to Rule 403 of the Federal Rules of Evidence as their probative value is substantially outweighed by the danger of unfair prejudice. Alternatively, Defendant contends that if the Court finds the statements are admissible to prove certain elements of the kidnapping charges that the statements must be carefully tailored so as to not reveal the nature or severity of the events related to Defendant's Oklahoma convictions.

In its response, the Government contends that two statements made by Defendant to Dr. and Mrs. Peebles are admissible as they

are inextricably intertwined with the kidnapping charges and tend to prove two essential elements of those charges, specifically, that (1) Defendant "knowingly and willfully seized, confined, kidnapped, abducted, or carried away" the victims and "transported [the victims] in interstate commerce while so seized, confined, kidnapped, abducted or carried away," and (2) Defendant held Dr. and Mrs. Peebles for ransom, reward "or otherwise." Further, the Government seeks to introduce statements made by Defendant to FBI Special Agent Glen Martin and Angelina, Texas, Sheriff's Captain James "Tony" Galloway and a videotaped statement made by Defendant to Creek County, Oklahoma, District Attorney's Office Chief Investigator Ed Willingham. The Government states that these statements pertain only to the crimes alleged in the indictment in this matter and do not refer to the circumstances surrounding the Oklahoma convictions.

Rule 404(b) prohibits evidence of prior bad acts of a defendant to prove the defendant's character. However, such evidence may be admissible to prove such things as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Civ. P. 404(b). Rule 404(b) does not prohibit bad acts that form the factual setting of the crime in issue. *See United States v. Williams, et al.,* 95 F.3d 723 (8th Cir. 1996) *citing United States v. Bass*, 794 F.2d 1305 (8th Cir.), *cert. denied,* 479 U.S. 869 (1986). In *Williams,* the defendants were charged with kidnapping and conspiracy to kidnap,

and the trial court allowed evidence that the defendants killed the kidnapping victim. *Williams,* 95 F.3d 723. The Eighth Circuit affirmed the trial court finding that the evidence was needed to present a coherent picture of facts of the crime in issue and was directly probative of the kidnapping offense. *Id.* at 731. Further, the Eighth Circuit affirmed the trial court's admission of evidence that one of the defendants was apprehended with drugs finding it was relevant to prove the government's theory that the motive for kidnapping was that the victim was a rival drug dealer. *Id. See also, United States v. Petary,* 857 F.2d 458 (8th Cir. 1988)(evidence that defendant restrained kidnapping victim's parents with duct tape, raped victim's sister, and slashed victim's mother's throat admissible as an integral part of the operative facts of the kidnapping charge).

The Court finds that the statements sought to be admitted by the Government are not prohibited by Rule 404(b) as they are integral to the kidnapping charges against Defendant. The statements are prejudicial to Defendant, and such prejudice must be weighed against the probative value of the statements. Fed. R. Civ. P. 403. The Court believes that the statements are an inextricable part of the kidnapping charges, explain the circumstances surrounding the charges and tend to prove certain elements of the kidnapping charges. Therefore, the probative value of the statements is not outweighed by the prejudicial value, and, accordingly, Defendant's Motion is DENIED.

The Government states that it does not intend to introduce evidence of Defendant's Oklahoma convictions during its case-in-chief but that the convictions may be admissible should Defendant elect to testify at trial. The Court agrees that such evidence may be admissible should Defendant elect to testify and will address this issue and the proper scope of cross-examination should Defendant advise the Court he wishes to testify.

IT IS SO ORDERED this 1st day of December 2005.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge