IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**UNITED STATES**                                                              **PLAINTIFF/RESPONDENT**

V.                              No.  04-20006
                                No.  16-02129

**SCOTT JAMES EIZEMBER**                                          **DEFENDANT/PETITIONER**

### REPORT and RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2255 (ECF No. 53) filed June 10, 2016.  The United States of America filed a Response (ECF No. 57) on October 20, 2016.  The Petitioner has not filed a Reply and the matter is ready for Report and Recommendation.

### I.  Background

On January 7, 2004, Scott James Eizember was named in a four count Indictment returned by the federal grand jury for the Western District of Arkansas. (Doc. 1). Counts One and Two charged Eizember with kidnapping, Count Three charged him with using, carrying, and brandishing a firearm during the kidnapping, and Count Four charged him with carjacking. On December 7, 2005, a jury found Eizember guilty on all four counts of the Indictment. (Doc. 36).

On July 28, 2006, the Court sentenced Eizember on Counts One and Two to 216 months imprisonment with term to run concurrently and 5 years supervised release with term to run concurrently. As to Count Three, the Court sentenced Eizember to 84 months imprisonment with the term to run consecutively and 5 years supervised release to run concurrently. The Court further sentenced Eizember on Count Four to 180 months imprisonment with the term to run

concurrently (and all terms to run consecutively to the undischarged term of his Oklahoma imprisonment) and 3 years of supervised release with the term to run concurrently. (Doc. 41). On June 10, 2016, Eizember filed the instant Motion for Relief Under 28 U.S.C. § 2255 (the § 2255 Motion) contending that the court's sentence in Count Three ( carrying, and brandishing a firearm during the kidnapping) was unconstitutional in light of Johnson v. United States . (Doc. 53).

## II.  Discussion

### A.  Johnson v. United States

The Petitioner's case centers around the United States Supreme Court Case of Johnson v. United States which was decided in 2015.  In the Johnson case the Supreme Court, Justice Scalia, held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process, overruling *James v. U.S.*, 550 U.S. 192, 127 S.Ct. 1586, 167 L.Ed.2d 532, and *Sykes v. U.S.*,131 S.Ct. 2267, 180 L.Ed.2d 60, and abrogating *U.S. v. White*, 571 F.3d 365, *U.S. v. Daye*, 571 F.3d 225, and *U.S. v. Johnson*, 616 F.3d 85. *See Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015).

Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. See § 922(g). In general, the law punishes violation of this ban by up to 10 years' imprisonment. See § 924(a)(2). But if the violator has three or more earlier convictions for a **"serious drug offense"** or a **"violent felony,"** the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1); *Johnson v. United States*, 559 U.S. 133, 136, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). The Act defines "violent felony" as follows:

"any crime punishable by imprisonment for a term exceeding one year ... that—

> "(I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> "(ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of <u>physical injury</u> to another**." § 924(e)(2)(B) (emphasis added).

The emphasized text is referred to as the residual clause and it is this clause that the Supreme Court declared unconstitutional.

In 2016 the court determined *Welch v. United States*. The Supreme Court, Justice Kennedy, held that Supreme Court's Johnson decision, which held that the definition of prior "violent felony" in the residual clause of the ACCA was unconstitutionally vague under due process principles, announced a substantive rule that applied retroactively on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016).

Both Johnson and Welch delt with the ACCA and specifically with a determination of whether prior offenses constituted a "violent offense" under the residual clause. This case, by contrast, involves an attempt to infer that the statutory language of Section 924(c) is controlled by the decision of Johnson v. United States and is, therefore, unconstitutionally vague.

B.  Section 924(c)(3)(B)

Section (c)(1)(A) provides in part that any person who, "during and in relation to any crime of violence...uses or carries a firearm, or who, in furtherance of any such crime possesses a firearm," shall be sentenced an additional punishment.

Section 924(c)(3)(B) defines a crime as a crime of violence if "by its nature it involves a substantial risk that <u>**physical force**</u> against the person or property of another may be used in the course of committing the offense." *United States v. Moore*, 38 F.3d 977, 979 (8th Cir. 1994) (quoting 18 U.S.C. § 924(c)(3)(B)). A court's determination of "the nature of a crime requires an

examination of the elements which compose it." Id. "This is the categorical approach." Id.; see also *Omar v. I.N.S.*, 298 F.3d 710, 714 (8th Cir. 2002) (recognizing that a categorical approach applies to § 924(c)(3)(B)).

The Eighth Circuit has specifically held that Johnson "does not render § 924(c)(3)(B) unconstitutionally vague." *See United States v. Prickett*, 839 F.3d 697, 698 (8th Cir. 2016).  The Prikett decision noted " "First, the statutory language of § 924(c)(3)(B) is distinctly narrower, especially in that it deals with **physical force** rather than **physical injury**." *Taylor*, 814 F.3d at 376. The "[r]isk of physical force against a victim" that § 924(c)(3)(B) requires "is much more definite than [the] risk of physical injury to a victim" that the ACCA residual clause required. Id. at 376–77. Section 924(c)(3)(B) also contains the "narrowing aspects" of "requiring that the risk of physical force arise 'in the course of' committing the offense" and "requir [ing] that the felony be one which 'by its nature' involves the risk that the offender will use physical force." Id. at 377 (quoting 18 U.S.C. § 924(c)(3)(B)). Unlike "the wide judicial latitude permitted by the ACCA's coverage of crimes that 'involve[ ] conduct' presenting a serious risk of injury," § 924(c)(3)(B) does not permit "a court to consider risk-related conduct beyond that which is an element of the predicate crime since the provision covers offenses that 'by [their] nature' involve a substantial risk that force may be used." Id. (alterations in original). Nor does § "924(c)(3)(B)'s requirement that physical force 'be used in the course of committing the offense' permit[ ] ... inquiry into conduct following the completion of the offense." Id. Instead, "the force must be used and the risk must arise in order to effectuate the crime. Thus, unlike the ACCA residual clause, § 924(c)(3)(B) does not allow courts to consider 'physical injury [that] is remote from the criminal act,' a consideration that supported the Court's vagueness analysis in Johnson." Id.

The court also noted that "§ 924(c)(3)(B) does not "link[ ] the 'substantial risk' standard,

through the word otherwise, 'to a confusing list of examples.' *700 " Id. (quoting Johnson, 135 S.Ct. at 2561). Therefore, courts need not "analogiz[e] the level of risk involved in a defendant's conduct to burglary, arson, extortion, or the use of explosives." Id.

The Prickett rationale was recently affirmed in the Eighth Circuit in United States v. Pruitt where Pruitt had argued that his sentence was based on Section 924(c)(3). The court held that "Because Johnson does not apply to Pruitt's sentence, he cannot show prejudice. As a result, his claim is procedurally defaulted." *United States v. Pruitt*, No. CR13131DSDTNL, 2016 WL 6601642, at *2 (D. Minn. Nov. 7, 2016)

The Petitioner's argument that Section 924(c)(3)(B) is constitutionally vague is not supported in the Eighth Circuit.

### C. Kidnapping

The Petitioner contends that the underlying statute that the Petitioner was convicted on (Kidnapping) is not a crime of violence because of Johnson v. United States. However, as noted above, the Johnson case does not apply to 18 U.S.C. §924(c). The Eighth Circuit has also held that "without question, kidnapping is a crime of violence for purposes of §924(c). *See United States v. Green*, 521 F.3d 929, 933 (8th Cir. 2008) citing *United States v. Wright*, 340 F.3d 724, 731-32 (8th Cir.2003).

### D. Evidentiary Hearing

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). The court is firmly convinced that Johnson does not apply to the Petitioner's

sentence and that reasonable jurists could not differ on the result.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be **DISMISSED with PREJUDICE**.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED  December 2, 2016.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE